IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANK R. WOJCIK,

    Plaintiff,

v.                                Civil Action No.2:10-cv-135

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## REPORT AND RECOMMENDATION PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED

On December 6, 2010, Frank R. Wojcik (hereinafter "Plaintiff"), filed a complaint under 42 U.S.C. § 405(g) and an Application for Leave to Proceed in forma pauperis.[1]

Plaintiff's application reveals his source of income to be solely $200/month in public assistance for food stamps. Plaintiff does not appear to be currently employed and has not been employed since January of 2010 but has $500 in cash on hand. Additionally, Plaintiff has two bank accounts at WesBanco: a checking account with a balance of $4,401.32 and a savings account with a balance of $6,358.58. While Plaintiff does not own a home, Plaintiff represents he owns a 2005 Chevrolet Cavalier for which Plaintiff fails to provide a valuation.

Plaintiff estimates his average monthly expenses to be as follows: $200/month in food, $50/month in transportation, and $70.50/month in motor vehicle insurance. Plaintiff does not expect any major changes to either his monthly income or expenses or in his assets or liabilities during the next 12 months.

Based on the information provided in Plaintiff's application, the Court finds Plaintiff can

---

[1] Dkt. Nos. 1 & 2, respectively.

afford to pay the $350 filing fee.  While one need not be "absolutely destitute" to proceed IFP, ...IFP need not be granted where one can pay or give security for the costs "and still be able to provide for himself and dependents with the necessities of life." Adkins v. E.I. DuPont De Nemours & Co., 335 U.S. 331, 339, 69 S. Ct. 85 (1948) (quotations omitted); see also Weller v. Dickson, 314 F.2d 598, 600 (9th Cir. 1963) (finding benefits of in forma pauperis "are granted as a prinvilege and not as a matter of right."). Plaintiff has significant monies available to him as evidenced by Plaintiff's WesBanco savings and checking account balances. Therefore, the Court finds Plaintiff has sufficient resources to pay for his filing fees.

Accordingly, it is **RECOMMENDED** Plaintiff's December 6, 2010 Application be **DENIED**, and Plaintiff be ordered to pay the full filing fee.

Plaintiff may file with the Clerk of Court, within fourteen (14) days from the date of this Report and Recommendation, written objections identifying those portions of the Report and Recommendation to which objection is made, and the basis for such objections. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is **DIRECTED** to transmit a copy of this Order to counsel of record herein.

**IT IS SO ORDERED.**
DATED: December 7, 2010                                  /s/ *James E. Seibert*
                                                         JAMES E. SEIBERT
                                                         UNITED STATES MAGISTRATE JUDGE